UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BELINDA MARY GROOMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:21-cv-00363 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| WALDEN SECURITY and ) | |
| TONI CROCKER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Belinda Mary Grooms filed a pro se Complaint against Walden Security and Toni Crocker under Title VII of the Civil Rights Act of 1964. (Doc. No. 1.) Plaintiff also filed an application to proceed as a pauper. (Doc. No. 2.) The case is before the Court for a ruling on the application and initial review of the Complaint.

### APPLICATION FOR LEAVE TO PROCEED AS A PAUPER

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). According to the application, Plaintiff is a 71-year-old, married woman with some college education. (*See* Doc. No. 2.) Although Plaintiff has made a good faith effort to complete the application, the Court discerns from the information provided that Plaintiff's spouse segregates and keeps confidential his income and finances and declines to provide such "personal information" to Plaintiff or the Court. (*Id.*) Furthermore, Plaintiff represents that she "pay[s] her own personal expenses, regardless of [her] husband['s] income," including funding her own food, groceries, medicine, vitamins, and storage. (*Id.* at 5.) Accordingly, because Plaintiff appears to be

largely responsible for funding the necessities of her own life, the Court considers Plaintiff's individual, rather than family, income and finances in determining pauper status.

According to the application, Plaintiff receives a monthly retirement income of $663 that roughly equals her basic monthly expenses. (*Id*. at 4-5.) Furthermore, Plaintiff reports no significant discretionary expenses, cash reserves, or assets. (*Id*. at 2-3.) Accordingly, the Court finds that Plaintiff cannot pay the full civil filing fee in advance without undue hardship. The application will be granted.

## INITIAL REVIEW OF THE COMPLAINT

Pursuant to statute, the Court must conduct an initial review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

A.  STANDARD OF REVIEW

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Brown v. Mastauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

In reviewing the Complaint, the Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court "must (1) view the Complaint in the light most favorable to Plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

B. <u>FACTUAL ALLEGATIONS</u>

Liberally construing the Complaint, Plaintiff makes the following factual allegations. On June 27, 2018, Plaintiff began working as a security officer at Walden Security. (Doc. No. 1 at 4.) Plaintiff's religious faith is Seventh-day Adventist. (*Id.*) Plaintiff requested an accommodation of management so that she would not have to work on the Sabbath. (*Id.*) On July 15, 2019, Walden Security failed to accommodate Plaintiff and offered her only positions that required work on the Sabbath. (*Id.* at 4, 7.) On July 17, 2019, Walden Security human resources manager Toni Crocker terminated Plaintiff. (*Id.* at 5.) On the Separation Notice, Walden Security checked "quit" and wrote "voluntary resignation – refused available work." (*Id.*)

3

C. <u>ANALYSIS</u>

Liberally construed, the Complaint advances claims of religious discrimination based on failure to accommodate and termination. Title VII makes it unlawful for an employer to discriminate against an employee on the basis of religion. *Equal Emp. Opportunity Comm'n v. Publix Super Markets, Inc.*, 481 F. Supp. 3d 684, 692 (M.D. Tenn. 2020) (citing *Jiglov v. Hotel Peabody, G.P.*, 719 F. Supp. 2d 918, 927 (W.D. Tenn. 2010); 42 U.S.C. § 2000e-2(a)). The law broadly defines "religion" to mean "all aspects of religious observance and practice, as well as belief." *Id*. (citing 42 U.S.C. § 2000e-2(j)).

As an initial matter, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405-06 (6th Cir. 1997); *see also Ingram v. Regano*, No. 1:19-cv-2926, 2021 WL 1214746, at *9 (N.D. Ohio Mar. 31, 2021) (quoting *Delozier v. Bradley Cnty. Bd. of Educ.*, 44 F. Supp. 3d 748, 766 (E.D. Tenn. 2014) ("Congress did not intend individuals to face liability under the [Title VII] definition of 'employer'"). The Complaint does not allege that Defendant Crocker, a Walden Security human resources employee, was Plaintiff's employer. Thus, Plaintiff's claims against Crocker must be dismissed. The Court now turns to claims against Walden Security.

To establish a prima facie claim of religious discrimination under Title VII based on circumstantial ("indirect") evidence,[1] Plaintiff must demonstrate that: (1) she was a member of a

---

[1] As the Sixth Circuit has explained:

> A plaintiff may show discrimination by direct evidence, or a plaintiff lacking direct evidence of discrimination may succeed on a Title VII claim by presenting indirect evidence under the framework first set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802–03, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973).

4

protected class, (2) she was subjected to an adverse employment action, (3) she was qualified for the position, and (4) she was replaced by a person outside of the protected class or was treated differently than similarly situated employees. *Bolden v. Lowes Home Ctrs., LLC*, 783 F. App'x 589, 594-97 (6th Cir. 2019) (citing *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007)). For a discrimination claim based on a failure to accommodate religion, Plaintiff must demonstrate that she: (1) holds a sincere religious belief that conflicts with an employment requirement; (2) informed the employer about the conflict; and (3) was discharged or disciplined for failing to comply with the conflicting employment requirement. *Bolden*, 783 F. App'x at 597; *Publix*, 481 F. Supp. 3d at 692.

---

> To succeed under the *McDonnell Douglas* framework, the plaintiff must first make out a *prima facie* case of discrimination by a preponderance of the evidence. This Court ha[s] held consistently that a plaintiff's burden of establishing a prima facie case is not an onerous one. . . . Once the plaintiff makes out a *prima facie* case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. Should the defendant do so, the plaintiff then must prove by a preponderance of the evidence that the stated reasons were a pretext for discrimination.

*Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606-07 (6th Cir. 2019) (citations and internal quotation marks omitted).

Notably, "direct evidence is evidence which, if believed, 'requires the conclusion that unlawful discrimination was at least a motivating factor.'" *Bartlik v. U.S. Dep't of Labor*, 73 F.3d 100, 103 n.5 (6th Cir. 1996) (quoting *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1248 (6th Cir. 1995)). "Consistent with this definition, direct evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003). When there is direct evidence, "the existence of unlawful discrimination is 'patent.'" *Id.* "'Whatever the strength of the evidence, it is not "direct" evidence if [it] admits more than one plausible interpretation, and requires a significant inference or presumption on the part of the trier of fact." *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 470 (6th Cir.2005) (quoting *Norbuta v. Loctite Corp.,* 1 F. App'x 305, 313 (6th Cir. 2001)). If an inference is required to draw from the evidence the conclusion that an employer was animose against a protected class, then the evidence is not direct evidence. *Zivkovic v. Juniper Networks, Inc.*, 450 F. Supp. 2d 815, 825 (N.D. Ohio 2006).

Here, the Complaint suggests that Plaintiff would proceed under an indirect evidence theory, as she does not allege facts suggesting that she has evidence suggesting that unlawful discrimination was "patent" or could be found without drawing any inferences from the evidence. But as indicated below, Plaintiff is not locked into either theory at his point.

5

At the pleading stage, however, Plaintiff is not required to establish all of these *prima facie* elements.[2] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Rather, Plaintiff need only allege facts that "plausibly suggest an entitlement to relief." *Williams*, 631 F.3d at 383. Stated differently, Plaintiff's Complaint will satisfy the Federal Rules of Civil Procedure if it "provides an adequate factual basis" for a Title VII discrimination claim. *See Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) ("[T]he pleading requirements for Title VII claims are no different than those for other claims[.]"); *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("*Swierkiewicz* . . . reemphasized that the . . . use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements.")

Applying these pleading requirements, the Court concludes that Plaintiff has stated a colorable religious discrimination claim. The Complaint alleges that: Plaintiff is a Seventh-day Adventist; Plaintiff was, at least impliedly, qualified for her position; and Plaintiff was terminated because her religion precluded her from taking shifts on the Sabbath. Although Plaintiff does not identify her replacement, the Complaint implies that Plaintiff was removed in favor of employees willing to work on the Sabbath. Accordingly, Plaintiff has plausibly alleged that Walden Security engaged in religious discrimination prohibited by Title VII. This claim may proceed for factual development.

Plaintiff also has stated a colorable failure-to-accommodate religion claim. The Complaint alleges that: Plaintiff's belief in Seventh-day Adventism conflicted with an employment requirement; Plaintiff informed Walden Security and sought a religious accommodation; Walden

---

[2] This rule makes sense. A plaintiff is not required to specify in the complaint whether she is proceeding under an indirect evidence theory, a direct evidence theory, or both. Thus, it would make no sense to require her to plausibly allege in the complaint each of a group of specific elements (for an indirect-evidence case) upon which she would not even rely if she were ultimately to proceed under a direct-evidence theory.

6

Security refused the accommodation and only offered Plaintiff assignments that directly conflicted with her religious beliefs; and Walden Security fired Plaintiff when she would not accept those conflicting assignments, falsely portraying the firing as Plaintiff having "quit." The Complaint, therefore, provides an adequate factual basis for a plausible claim that Walden Security refused to accommodate Plaintiff's sincere religious belief. Accordingly, the failure-to-accommodate claim may proceed for factual development.

## CONCLUSION

For these reasons, the Court concludes that Plaintiff has stated colorable Title VII religious discrimination and failure-to-accommodate religion claims against Walden Security. All other claims will be dismissed with prejudice. Defendant Crocker will be dismissed from this action. This case will be referred to the Magistrate Judge for further case management.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a Motion to Dismiss any claim under Federal Rule of Civil Procedure 12.

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE