IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BELINDA MARY GROOMS, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:21-cv-00363 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WALDEN SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 24, "Motion"), supported by a Memorandum in Support (Doc. No. 25, "Memorandum in Support"). Plaintiff filed a response in opposition to the Motion, (Doc. No. 27, "Response"), and Defendant replied (Doc. No. 28, "Reply").

Plaintiff alleges that she was discriminated against by her employer because of her religious beliefs in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII"). As discussed herein, prior to bringing such a lawsuit, a plaintiff is required to exhaust his or her administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant argues that the actions Plaintiff alleges to have taken on the final day of her limitations period for filing a charge of discrimination with the EEOC were not sufficient to constitute the filing of a charge of discrimination with the EEOC, and therefore her lawsuit is due to be dismissed based on Plaintiff's failure to exhaust her administrative remedies. Defendant alternatively argues that one of Plaintiff's counts should be dismissed as duplicative of the other. The Court disagrees with each of these assertions. Accordingly, for the following reasons, the Motion will be denied.

BACKGROUND[1]

Defendant employed Plaintiff as a security officer from June 2018 until she was terminated on July 17, 2019. (Doc. No. 19 at ¶ 3). The Amended Complaint describes Plaintiff's "exhaustion of administrative remedies" with the EEOC as follows:

> 4. On May 12, 2020, the 300th day following the date of her termination, plaintiff contacted the Employment Opportunity Commission (EEOC) by fax to notify the EEOC that she wished to file a Charge of Discrimination against defendant. Plaintiff's fax of May 12, 2020 is attached as Exhibit 1.
>
> 5. Marlene Dameron, CRTIU Supervisor for the EEOC, responded with an email acknowledging receipt of plaintiff's fax and requesting that plaintiff provide the information they had discussed. This email is attached as Exhibit 2.
>
> 6. On the same day, May 12, plaintiff called and spoke to Ms. Dameron, and in this call, plaintiff provided a statement of the facts and circumstances supporting her claim of discrimination to Ms. Dameron, and Ms. Dameron recorded plaintiff's allegations on the EEOC's standard Charge Form, Form 5, and assigned a Charge number, No. 494-2020-01796.
>
> 7. The next day, May 13, Ms. Dameron mailed the completed Charge form to plaintiff with instructions to sign and return the completed form within 30 days. The correspondence from Ms. Dameron to plaintiff with the completed Charge form is attached as Exhibit 3.
>
> 8. Also on May 13, 2020, Ms. Dameron mailed a Notice of Charge of Discrimination to defendant, addressed to defendant's VP, General Counsel, Kurt Schmissrauter. This Notice is attached as Exhibit 4.
>
> 9. As a result of this sequence of events, set forth in Paragraphs 4-8, plaintiff's Charge of Discrimination was timely filed.
>
> 10. The EEOC issued a Notice of Right to Sue to plaintiff on February 1, 2021. This Notice is attached as Exhibit 5. This action was filed within 90 days of the date when plaintiff received the Right to Sue Notice, as required by 42 U.S.C. §2000e-5(f)(1).

(*Id.* at ¶¶ 4-10).

---

[1] The facts in these numbered paragraphs are taken from the Amended Complaint (Doc. No. 19) and are accepted as true for purposes of the Motion.

On May 3, 2021, Plaintiff filed suit in this Court alleging that Defendant "acted to separate her from employment because of her religious beliefs [Count I]" and "Defendant failed and refused to provide plaintiff with a reasonable accommodation for her religious beliefs [Count II]" in violation of Title VII. (*Id.* at ¶ 24). On August 27, 2021, Defendant filed the instant Motion, arguing that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the allegations in the Complaint reveal that Plaintiff failed to timely exhaust her administrative remedies, and thus her Title VII claims (according to Defendant) are due to be dismissed. Plaintiff responded in opposition (Doc. No. 27, "Response"), and Defendant replied (Doc. No. 28, "Reply"). Therefore, the Motion is ripe for adjudication.

## LEGAL STANDARD

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all of the factual allegations in the complaint as true as the Court has done above. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.*; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the

defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Federal Rule of Civil Procedure 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

On a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 433 (6th Cir. 2008). That is not to say that the movant has some *evidentiary* burden; as should be clear from the discussion above, evidence (as opposed to *allegations* as construed in

light of any allowable matters outside the pleadings) is not involved on a Rule 12(b)(6) motion. The movant's burden, rather, is a burden of *explanation*; since the movant is the one seeking dismissal, it is the one that bears the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim.

ANALYSIS

Defendant raises two arguments in its Motion: (1) the Amended Complaint should be dismissed in its entirety because (according to Defendant) Plaintiff has not adequately alleged therein that she has exhausted her administrative remedies under Title VII; and alternatively, (2) Count I (Title VII religious discrimination) should be dismissed as duplicative of Count II (Title VII failure to accommodate Plaintiff's religion). The Court will explore those arguments in turn.

**I. Exhaustion of Administrative Remedies**

It is well settled that, "[a]s a prerequisite to bringing suit under Title VII, a claimant must exhaust his or her administrative remedies." *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 470 (6th Cir. 2008) (citing *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002)). A claimant exhausts his or her administrative remedies by filing a charge with the EEOC. *Id*. Although not jurisdictional requirements, exhausting administrative remedies and receiving a right-to-sue letter from the EEOC are "condition[s] precedent to bringing suit." *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998). A plaintiff who has failed to do so has failed to state a claim. *See McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002) (explaining that administrative exhaustion must be alleged in the complaint to avoid dismissal); *see also Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (affirming dismissal of an unexhausted Title VII suit for failure to state a claim); *Brown v. Abbott Labs.*, 90 F. App'x 891, 892 (6th Cir. 2004) (affirming dismissal of a Title VII suit for failure to state a claim on exhaustion grounds).

Not only must a plaintiff exhaust administrate remedies, but that exhaustion must also be timely (meaning that, a plaintiff must file a charge of discrimination with the EEOC within the below-discussed time allotted by the statute).[2] *See Williams v. Northwest Airlines, Inc*., 53 F. App'x 350, 351 (6th Cir. 2002) ("Failure to timely exhaust administrative remedies [*i.e.,* a failure to file a charge within the allotted time period to begin the exhaustion process] is an appropriate basis for [Rule 12(b)(6)] dismissal of a Title VII [action]."); *Dewberry v. City of Detroit St. Maint*., No. 05-72805, 2006 WL 8432452, at *1 (E.D. Mich. Jan. 17, 2006) "[A Plaintiff's] failure to timely exhaust administrative remedies [*i.e.,* a failure to file a charge within the allotted time period to begin the exhaustion process] is an appropriate basis for [Rule 12(b)(6)] dismissal of his Title VII and ADA action." (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990))). Title VII requires an employee to file a charge with the EEOC within either 180 days or 300 days of an allegedly unlawful employment practice, depending on the law of the applicable state and whether that state is a "deferral state." 42 U.S.C. § 2000e-5(e)(1); *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir. 1999). Tennessee is a deferral state; thus, an employee must file a charge with the EEOC within 300 days of an alleged unlawful employment action "if a plaintiff who has filed with the EEOC filed first or contemporaneously with the Tennessee Human Rights Commission ("THRC")."[3] *Jara v. Tennessee State Univ*., No. 3:20-CV-00131,

---

[2] The parties do not make clear, and the Court's review of Sixth Circuit case law does not reveal a clear statement regarding, whether the *timeliness* of the EEOC charge must be alleged in the complaint (rather than an allegation of exhaustion of administrative remedies generally). As the Sixth Circuit has explained before, usually a motion to dismiss can be granted based on a statute of limitations issue only "if a plaintiff affirmatively pleads himself out of court." *Rembisz v. Lew*, 590 F. App'x 501, 503-504 (6th Cir. 2014). Thus, it may very well follow that a plaintiff's complaint that alleges exhaustion of administrative remedies, without specifically alleging that the exhaustion followed a *timely* charge of discrimination, may not be subject to dismissal unless the plaintiff affirmatively pleads allegations that demonstrate that the exhaustion of his or her administrative remedies was based on an EEOC complaint that was not timely. Here, this confusion is a non-issue, because Plaintiff has alleged in her Amended Complaint the dates of her EEOC filings, and therefore has created the possibility that she has "affirmatively plead[ed] herself out of court." *Id.* However, as described herein, the Court finds that she has not actually done so.

[3] Here, the EEOC Charge of Discrimination at issue indicated that it would be filed contemporaneously with the THRC. (Doc. No. 19-3).

2022 WL 331276, at *11 (M.D. Tenn. Feb. 3, 2022) (Richardson, J.). Otherwise, the 180-day filing period applies. *Id.*

Defendant argues that Plaintiff failed to allege that she filed a timely charge of discrimination with the EEOC. Specifically, Defendant argues that the "faxed inquiry" sent by Plaintiff to the EEOC on the 300th day after her termination (May 12, 2020) and her telephone conversation that occurred with an EEOC employee on that same day do not collectively constitute a charge of discrimination, and therefore, any subsequent perfection of the EEOC document cannot "relate back" to a legally insufficient charge. (Doc. No. 28 at 6). Thus, Defendant argues that because (according to Defendant) Plaintiff's filing of the charge of discrimination with the EEOC was untimely, and she failed to exhaust her administrative remedies before filing suit, her Amended Complaint fails to state a claim.

Plaintiff argues in the Response that she has adequately alleged that she filed a sufficient charge of discrimination within the 300-day filing period, by virtue of her having alleged that on the 300th day after her termination:

> she provided and the EEOC received all the information necessary to be included in a charge; and an EEOC representative assisted plaintiff in filing the charge by recording the information received from plaintiff regarding the details of her claim on the EEOC charge form and assigning a charge number.

(Doc. No. 27 at 2). Plaintiff further asserts "[t]he law is settled under *Edelman* [*v. Lynchburg Coll.*, 535 U.S. 106, 109 (2002)] that plaintiff's verification of the charge, though outside of the 300-day filing period, relates back 'to the date the charge was first received.'" (*Id.* at 10 (quoting 29 C.F.R. §1601.12(b))). Plaintiff therefore argues that she has alleged that her charge of discrimination was timely filed with the EEOC, and she thus alleged that she properly exhausted her administrative remedies before filing suit.

Accordingly, the issue before the Court is whether a charge of discrimination—albeit one with the technical deficiency of a lack of verification—was filed by May 12, 2020, the 300th day after Plaintiff's termination.[4] "To determine whether [a plaintiff] satisfied the initial requirement of [timely] filing a charge with the EEOC, the Court must consider what constitutes a charge." *Ramirez v. Bolster & Jeffries Health Care Grp.*, LLC, 227 F. Supp. 3d 889, 903 (W.D. Ky. 2017). "While Title VII does not define the term, the Sixth Circuit has looked to Supreme Court precedent and applicable regulations[.]" *Id.* The Sixth Circuit has stated that for an EEOC filing to constitute a "charge," the filing:

> (1) must be "verified"—that is, submitted under oath or penalty of perjury; (2) must contain information that is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of,"; and (3) . . . an "objective observer" must believe that the filing "taken as a whole" suggests that the employee "requests the agency to activate its machinery and remedial processes."

*Williams v. CSX Transp. Co.*, 643 F.3d 502, 509 (6th Cir. 2011) (emphasis added) (internal citations omitted). And although *Williams* does not expressly so state, as discussed below anything properly deemed a charge must have been made in writing.

The applicable regulations allow the amendment of a charge "to cure technical defects or omissions, including failure to verify the charge" and, moreover, allow such an amendment to relate back to the date the charge was filed. 29 C.F.R. § 1601.12(b). This provision necessarily

---

[4] If it does constitute a charge of discrimination, it would be a charge that has at least one technical deficiency, namely, the lack of the required verification referred to in *Williams*. But technical deficiencies, like the lack of verification, in a charge of discrimination can be cured by later actions, and those actions can be deemed to relate back to the original filing. *See* 29 C.F.R. § 1601.12(b) ("A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will **relate back to the date the charge was first received**." (emphasis added)). So the Court frames the question as whether a charge of discrimination—albeit one with the technical deficiency of a lack of verification—was filed by May 12. Answering this question in the affirmative, as the Court does herein, the Court then proceeds to address whether a verification was filed and effectively related back to May 12 to cure the technical deficiency, such that a technically complete charge of discrimination is properly deemed to have been filed by May 12.

means that although a writing must be verified in order to be a charge, a writing that is not verified but *otherwise* is a charge can be considered a charge for purposes of assessing whether an amendment to the (unverified) charge relates back to the time of the making of the writing. For this reason, it is appropriate for the Court first to ask whether a charge of discrimination is properly deemed to have been filed by May 12, *if one disregards for the time being the requirement that a writing be verified* in order to properly be called a charge in the first place.

Plaintiff alleges in the Amended Complaint that she faxed a statement to the EEOC on May 12, 2020 (the 300th day after her termination) that contained the identity of Plaintiff, the identity of Defendant, and the statement: "I want to file the charge today, as I understand that today is the last day." (Doc. No. 19-1).[5] In her Response, Plaintiff does not assert that *this fax* constitutes a charge of discrimination standing alone. Instead, Plaintiff asserts that *the information Plaintiff relayed to the EEOC worker via telephone* on that same day (information that the EEOC worker wrote down in a EEOC "Charge of Discrimination" form and assigned a charge number) constitutes a charge of discrimination, thus meaning that she timely filed a charge of discrimination—albeit one with the technical deficiency of a lack of verification—by May 12, 2020 (her last day to do so) and therefore, timely exhausted her administrative remedies. (Doc. No. 27).

Defendant responds in the Reply that the required information necessary for a sufficient charge cannot be provided by phone. (Doc. No. 28 at 3). Defendant argues that the regulations clearly require the charge to be in writing, pointing to 29 C.F.R. §1601.9, which states, "A charge shall be in writing and signed and shall be verified" and 29 C.F.R. §1601.12(b), which states "a charge is sufficient when the Commission receives from the charging party a *written* statement

---

[5] This document is referred to in the pleadings and is integral to the claims; thus, it may be considered on Defendant's Motion. *See Ohio State Univ.*, 219 F. Supp. 3d at 652-53; *Blanch*, 333 F. Supp. 3d at 791-92.

sufficiently precise to identify the parties, *and to describe generally the action or practices complained of*." (*Id.* at 4) (emphasis added). Defendant additionally points to 29 C.F.R. §1601.8, which states, "A charge may be made using the EEOC's designated digital systems, in person, by facsimile, or by mail to any EEOC office or to any designated representative of the Commission," and argues that this regulation expressly excludes that a charge may be made by telephone, making clear that the information received from the charging party must be in writing. (*Id.*).

The Court agrees with Defendant that the regulations prescribe a requirement that a charge of discrimination be in writing. However, Defendant's argument ignores Plaintiff's allegation that she provided statements by telephone that were written down by an EEOC employee in a Charge of Discrimination form on May 12, 2020. (Doc. No. 19 at ¶ 6). The Court sees nothing in the regulations that requires that the written statement received from the charging party be written specifically *by the charging party*, rather than *an EEOC employee*. And Defendant has pointed the Court to no authority suggesting the existence of such a requirement, despite having the burden to do so. Additionally, as Plaintiff points out, Justice Thomas (a former EEOC chair) has stated that "[c]harges are [ ] typically completed and filed by the agency, not the complainant." *Express Corp. v. Holowecki*, 552 U.S. 389, 418 (Thomas, J. dissenting). Thus, it appears that there is nothing unusual with the procedure of an EEOC employee drafting a charge of discrimination.

The case that Defendant relies on in support of its argument, an unpublished and out-of-circuit district court case, is distinguishable. (Doc. No. 28 at 4-5). In *Aultman v. Lake Park Travel Center*, the plaintiff filed a lawsuit alleging that she was terminated on April 30, 2004 in violation of Title VII. No. 7:05-cv-00075, 2007 WL 988715 (M.D. Ga. Mar. 30, 2007). On September 21, 2004 (144 days after termination), she contacted the EEOC by phone. *Id.* at *1. The EEOC took her claim over the phone and told her that they would send her paperwork to sign. Plaintiff later

received the charge of discrimination, signed it, and returned it to the EEOC by mail. *Id*. The EEOC received the signed charge on November 10, 2004 (194 days after termination). *Id.* After noting that the regulatory requirements of 29 C.F.R. § 1601.9 and § 1601.12(b) require a "written" charge, the court determined that the plaintiff's otherwise timely telephone call did not constitute a charge. *Id*. The court explained that:

> the telephone call [p]laintiff allegedly made to the EEOC on September 21, 2004, is not a charge of discrimination within the meaning of Title VII. The Code and regulations governing EEOC filings are clear that charges of discrimination must be in writing. An oral telephone conversation cannot constitute a charge of discrimination.

*Id*. at *3.

In contrast, in this case, Plaintiff alleges that after faxing a written statement that she wished to file a charge, she spoke with an EEOC employee over the telephone who reduced the details of her charge of discrimination to writing on a form labeled "Charge of Discrimination," assigned the Plaintiff's charge a charge number, and on the very next day sent notice to Defendant of Plaintiff's charge. Thus, the allegations in the Amended Complaint (unlike the allegations in *Aultman*) specifically indicate that the information Plaintiff relayed via her telephone call were reduced to a written form. Moreover, the court in *Aultman* ignores the Supreme Court's holding in *Edelman*, which held that the EEOC's regulation (29 C.F.R. § 1601.12(b)[6]) allowing an "otherwise timely filer" to verify a charge of discrimination after the time of filing has expired is a valid interpretation of Title VII. 535 U.S. at 109. Accordingly, the Court finds *Aultman* unpersuasive.

---

[6] "A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b).

Therefore, the Court finds that the Charge of Discrimination (Doc. No. 19-3) counts as a charge of discrimination (except for its lack of verification) submitted on May 12, 2020 (the 300th day after Plaintiff's termination). The Charge of Discrimination contains the identity, phone number, and address of Plaintiff and Defendant. (*Id*. at 3). The Charge of Discrimination also includes a brief statement summarizing Plaintiff's claim of discrimination.[7] (*Id*.). Thus, the Charge of Discrimination "contain[s] information that is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Williams*, 643 F.3d at 509 (internal citations omitted). Additionally, because the Charge of Discrimination was indeed completed (except insofar as it was not just verified) by May 12, on that date "an 'objective observer' [obviously would] believe that the filing 'taken as a whole' suggests that the employee 'requests the agency to activate its machinery and remedial processes.'" *Id*. And the Charge of Discrimination indeed did activate the remedial process, as the very next day the EEOC sent notice to Defendant of a charge of discrimination levied against them by Plaintiff. (Doc. No. 19 at ¶ 8; Doc. No. 19-4); *see Stevens v. Concentrix Corp*., No. 19-11530, 2019 WL 6728362, at *5 (E.D. Mich. Dec. 11, 2019) (finding that an objective observer would believe that the plaintiff sought to activate the EEOC's machinery and remedial processes based on "the agency's own acts where [the EEOC employee] assigned a charge number . . . [and] the EEOC sent [the d]efendant a Notice of Charge of Discrimination, as well as sent [the p]laintiff a formal charge to sign").

Finally, although the Charge of Discrimination was not verified until after the 300-day filing period had ended, (Doc. No. 19-3), the Supreme Court (as noted above) has explained that

---

[7] This statement indeed contains all the information that the regulations indicate "should" be included in a charge: (1) the name, address, and telephone number of the person making the charge; (2) the name and address of the charged entity; (3) a statement of facts describing the alleged discriminatory act; (4) the number of employees of the charged employer; and (5) a statement indicating whether the charging party has initiated state proceedings. 29 C.F.R. § 1601.12(a).

an unverified writing that is filed within the statutory time limit and otherwise meets the requirements of a charge must be considered a sufficient charge if it is supplemented by a subsequent verification (even if that verification occurs after the filing period). *Edelman*, 535 U.S. at 112-13. That is to say, a verification relates back to the date of the submission of a writing that otherwise qualifies as a charge of discrimination. And so the verification here relates back to May 12, thus completing the requirements for a charge of discrimination that is treated as having been timely submitted (on May 12).

Based on the above, the Court concludes that Plaintiff filed a timely charge of discrimination consistent with *Williams v. CSX Transp. Co.*, 643 F.3d 502 (6th Cir. 2011). The Court finds that this holding is additionally in line with the Sixth Circuit's guidance that EEOC charges filed by "lay complainants" should be "liberally construed." *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005). Accordingly, the Court finds that Plaintiff adequately alleged that she timely filed a charge of discrimination, and therefore, she adequately alleged that she exhausted her administrative remedies. Defendant's Motion premised on Plaintiff's (alleged) failure to allege exhaustion of administrative remedies will be denied.

**II. Whether Count I is Duplicative of Count II**

Plaintiff asserts two claims in this lawsuit: violation of Title VII for unlawful religious discrimination (Count I), and violation of Title VII for unlawful failure to accommodate Plaintiff's religious beliefs (Count II). Plaintiff alleges the basis of those claims as follows:

> COUNT I LIABILITY UNDER TITLE VII FOR UNLAWFUL DISCRIMINATION BECAUSE OF RELIGION
>
> 25. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-24 of this Complaint.
>
> 26. By refusing to provide plaintiff with a reasonable accommodation for her religious beliefs and instead terminating plaintiff in the manner and for the cause

as set forth in Paragraphs 14 through 24, defendant discharged plaintiff because of her religious beliefs, in violation of Title VII, 42 U.S.C. §2000e-2(a).

27. Defendant's actions of refusing to provide plaintiff with a reasonable accommodation for her religious beliefs and instead terminating plaintiff in the manner and for the cause as set forth in Paragraphs 14 through 24, were done intentionally with malice or reckless indifference to plaintiff's federally protected rights.

28. As a result of defendant's unlawful actions, plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress, and related damages.

COUNT II LIABILITY UNDER TITLE VII FOR UNLAWFUL FAILURE TO ACCOMMODATE PLAINTIFF'S RELIGIOUS BELIEFS

29. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-28 of this First Amended Complaint.

30. Defendant knew of plaintiff's need for a reasonable accommodation for her religious beliefs but failed and refused to provide plaintiff with a reasonable accommodation for her religious beliefs even though a reasonable accommodation was requested, was available and could have been made without any undue hardship.

31. Defendant's actions in refusing to provide plaintiff with a reasonable accommodation for her sincerely held religious beliefs and terminating plaintiff because she declined assignments that would have required her to work on was her Sabbath constitute unlawful employment discrimination on the basis of her religion in violation of Section 701(j) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j) and 2000e-2(a), as amended.

32. Defendant acted with malice or reckless indifference to plaintiff's federally protected rights in failing or refusing to accommodate plaintiff's religious beliefs in violation of Title VII.

33. As a result of Defendant's unlawful actions, plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

(Doc. No. 19 at ¶¶ 25-33).

Defendant argues that these claims are merely duplicative of each other. Defendant contends that "[d]espite the different title used for Count I, both counts are premised on [Defendant's] alleged failure to accommodate." (Doc. No. 25 at 9). Thus, Defendants asserts that because Count I is merely repackaged from his claim in Count II, Count I should be dismissed because it is duplicative of Count II. (*Id*. at 11).

In the Response, Plaintiff argues that her claim for discrimination "is not duplicative of and can co-exist with a failure to accommodate claim." (Doc. No. 25 at 9). Plaintiff contends she alleged a discrimination claim (Count I) by alleging that "she was discharged because of her religious beliefs," (*id*. at 13), and she alleged a failure to accommodate her religion claim by alleging that Defendant failed to accommodate her request to not work on the Sabbath, and she was eventually discharged for refusing to work on the Sabbath (*id*. at 4).

As this Court has explained before, "although failure to accommodate is a form of religious discrimination, the elements required to prove such a claim are specific and not the same as those required to establish a general religious discrimination claim." *Equal Emp. Opportunity Comm'n v. Publix Super Markets, Inc.*, 481 F. Supp. 3d 684, 692 n.5 (M.D. Tenn. 2020) (Richardson, J.). To establish a claim for failure to accommodate the plaintiff's religious beliefs, a plaintiff must prove that she "(1) holds a sincere religious belief that conflicts with an employment requirement; (2) informed the employer about the conflict; and (3) was discharged or disciplined for failing to comply with the conflicting employment requirement." *Id*. at 692 (citing *Bolden v. Lowes Home Ctrs., LLC*, 783 F. App'x 589, 597 (6th Cir. 2019)). To establish a claim for religious discrimination, by contrast, a plaintiff generally[8] must prove that she "1) was a member of a

---

[8] These are the elements of an indirect-evidence *prima facie* case of religious discrimination. In saying that a plaintiff "generally" must prove these elements, the Court means that a plaintiff must prove these elements in order to establish a case of religious discrimination based on *indirect* (*i.e.*, circumstantial) evidence of discrimination. In those rare cases

protected class, (2) experienced an adverse employment action, (3) was qualified for the position, and (4) was replaced by a person outside of the protected class or that he was treated differently than similarly situated employees." *Id*. (citing *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007)).

Although Plaintiff does refer to a "failure to accommodate" in both of her causes of action, Count I (religious discrimination) is based on the allegation that "Defendant discharged plaintiff because of her religious beliefs, in violation of Title VII, 42 U.S.C. §2000e-2(a)," And, to the same effect, that Defendant "terminat[ed] Plaintiff." (Doc. No. 19 at ¶ 26, 27). And Count II (failure to accommodate her religious beliefs) is based on the allegation that Defendant "refused to provide [P]laintiff with a reasonable accommodation for her religious beliefs even though a reasonable accommodation was requested, was available and could have been made without any undue hardship." (*Id*. at ¶ 30). These counts present clearly distinct claims and are not duplicative of one another. Accordingly, Defendant's request to dismiss Count I as duplicative of Count II will be denied.

## CONCLUSION

For the above stated reasons, Defendant's Motion to Dismiss (Doc. No. 24) will be DENIED.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

when a plaintiff has *direct* evidence of discrimination, it is true, a plaintiff would not have to prove these elements. But if a plaintiff does proceed with direct evidence (and not indirect evidence) of religious discrimination, the plaintiff's (direct-evidence) case still can and typically does look different from a case of failure to accommodate religion; in the former case, the plaintiff does not necessarily need to establish any of the three elements necessary in the latter case.