IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BELINDA MARY GROOMS, | ) |
| | ) |
| Plaintiff, | ) NO. 3:21-cv-00363 |
| | ) |
| v. | ) JUDGE RICHARDSON |
| | ) |
| METROPOLITAN SECURITY | ) |
| SERVICES, INC., d/b/a WALDEN | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Permission to File an Interlocutory Appeal (Doc. No. 36, "Motion"). Via the Motion and supporting brief (Doc. No. 36-1), Defendant requests "permission for [Defendant] Walden Security to petition the Court of Appeals to accept an interlocutory appeal [of the Court's below-discussed order denying Defendant's motion to dismiss] in this matter." (Doc. No. 36-1 at 9). Plaintiff has responded. (Doc. No. 39). Defendant has replied. (Doc. No. 42).

Defendant employed Plaintiff as a security officer from June 2018 until she was terminated on July 17, 2019. (Doc. No. 19 at ¶ 3). Plaintiff alleges that she was discriminated against by Defendant because of her religious beliefs in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq ("Title VII"). Prior to bringing a lawsuit such as this one, a plaintiff is required to exhaust his or her administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")[1]. The Amended

---

[1] Here, as explained previously by the Court, Plaintiff needed to file a charge with the EEOC within 300 days of the alleged unlawful employment action (her termination). (Doc. No. 33 at 6).

Complaint (Doc. No. 19) describes Plaintiff's "exhaustion of administrative remedies" with the EEOC as follows:

> 4. On May 12, 2020, the 300th day following the date of her termination, plaintiff contacted the Employment Opportunity Commission (EEOC) by fax to notify the EEOC that she wished to file a Charge of Discrimination against defendant. Plaintiff's fax of May 12, 2020 is attached as Exhibit 1.
>
> 5. Marlene Dameron, CRTIU Supervisor for the EEOC, responded with an email acknowledging receipt of plaintiff's fax and requesting that plaintiff provide the information they had discussed. This email is attached as Exhibit 2.
>
> 6. On the same day, May 12, plaintiff called and spoke to Ms. Dameron, and in this call, plaintiff provided a statement of the facts and circumstances supporting her claim of discrimination to Ms. Dameron, and Ms. Dameron recorded plaintiff's allegations on the EEOC's standard Charge Form, Form 5, and assigned a Charge number, No. 494-2020-01796.
>
> 7. The next day, May 13, Ms. Dameron mailed the completed Charge form to plaintiff with instructions to sign and return the completed form within 30 days. The correspondence from Ms. Dameron to plaintiff with the completed Charge form is attached as Exhibit 3.
>
> 8. Also on May 13, 2020, Ms. Dameron mailed a Notice of Charge of Discrimination to defendant, addressed to defendant's VP, General Counsel, Kurt Schmissrauter. This Notice is attached as Exhibit 4.
>
> 9. As a result of this sequence of events, set forth in Paragraphs 4-8, plaintiff's Charge of Discrimination was timely filed.
>
> 10. The EEOC issued a Notice of Right to Sue to plaintiff on February 1, 2021. This Notice is attached as Exhibit 5. This action was filed within 90 days of the date when plaintiff received the Right to Sue Notice, as required by 42 U.S.C. §2000e-5(f)(1).

(*Id*. at ¶¶ 4-10).

Defendant's Motion relates to this Court's previous Memorandum Opinion (Doc. No. 33, "Opinion") and Order (Doc. No. 34, "Order"), whereby the Court denied Defendant's Motion to Dismiss (Doc. No. 24). In the Opinion and Order, the Court rejected two separate arguments of Defendant: 1) that Plaintiff failed to exhaust her administrative remedies; and 2) that the claims

asserted by Plaintiff are duplicative of one another. Via the Motion, Defendant seeks permission to appeal the Court's ruling as to the first of these two arguments—that Plaintiff adequately alleged that her charge of discrimination was timely filed with the EEOC, and that she thus alleged that she properly exhausted her administrative remedies before filing suit. (Doc. No. 36-1 at 2). In particular, Defendant seeks to challenge the Court's conclusion that it was sufficient for Plaintiff to satisfy Title VII's exhaustion requirement by providing via telephone, on the 300th day after her termination, statements that were then memorialized in writing by an EEOC employee in a Charge of Discrimination Form. (*Id*. at 3).

Defendant brings the Motion pursuant to 28 U.S.C. § 1292(b), which requires "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Interlocutory appeals "should be sparingly granted and then only in exceptional cases" and should not be granted for mere "collateral" issues. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). *Accord In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002). "The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal." *Gieringer v. Cincinnati Ins. Cos.*, No. 3:08-CV-267, 2010 WL 2572054, at *2 (E.D. Tenn. June 18, 2010). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)). This is because, in enacting § 1292(b), "'Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals.'" *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 504 (6th Cir. 2011) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)).

Plaintiff concedes that the issue raised by Defendant concerns a controlling question of law, (Doc. No. 39 at 6), and the Court would not call Defendant's position on that question frivolous, but there is no *substantial* ground for difference of opinion on this issue. As already discussed by the Court in the Opinion, "[t]he Court sees nothing in the regulations that requires that the written statement received from the charging party be written specifically *by the charging party*, rather than *an EEOC employee*." (Doc. No. 33 at 10). The Court bolstered this position by pointing to Justice Thomas' dissent in *Express Corp. v. Holowecki*, 552 U.S. 389, 418 (2008) (Thomas, J., dissenting), which indicates that it is not unusual for an EEOC employee to draft a charge of discrimination.[2]

Defendant's brief points to no cases in this circuit that have stated an opinion on the issue of whether a plaintiff satisfies her Title VII exhaustion requirement by timely making a charge with the EEOC over the telephone. Defendant cites only the same case it mentioned in the Motion to Dismiss—*Aultman v. Lake Park Travel Ctr.*, No. 7:05-cv-00075, 2007 WL 988715 (M.D. Ga. Mar. 30, 2007)—a case that is not only out-of-circuit and non-binding on this Court, but also that is inapposite, ignores binding Supreme Court precedent, and not persuasive, as described in the Court's previous memorandum opinion. (Doc. No. 33 at 10–11).

Nor has Defendant shown that "exceptional circumstances exist," *Gieringer*, 2010 WL 2572054, at *2, to warrant an interlocutory appeal in this case. True, in some cases courts have seen fit to allow a disappointed defendant to appeal a finding that the plaintiff exhausted administrative remedies as required. But in the instant case, the Court sees only the very ordinary

---

[2] To be clear, the Court is relying not on the rationale of a dissenting opinion, but rather only on a discrete factual observation made by the dissent, which the Court believes is not controversial. In addition, the Court sees nothing in the majority opinion in *Express Corp.* that runs counter to the Court's conclusion as to which Defendant seeks an interlocutory appeal.

circumstances that Defendant (i) disagrees with the district court; and (ii) would like to have a second shot at dismissing this case on legal grounds and to stave off the cost and effort of ongoing litigation in the district court while its second effort plays out in the Court of Appeals. So even if this Court were inclined to find all requirements of Section 1292(b) satisfied here (which, as noted, it does not), it would exercise discretion to decline to certify the instant issue for interlocutory review.

In sum, the Court's previous Order is not well-suited for interlocutory review, and Defendant's request for such review (Doc. No. 36) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE