UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BELINDA MARY GROOMS,<br><br>    Plaintiff,<br><br>v.<br><br>WALDEN SECURITY et al.,<br><br>    Defendants. | Case No. 3:21-cv-00363<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

**REPORT AND RECOMMENDATION**

The docket in this employment discrimination action shows that pro se Plaintiff Belinda Mary Grooms has not responded to the Court's January 3, 2023 order to show cause why this action should not be dismissed for Grooms's failure to participate in discovery. (Doc. No. 66.) Nor has Grooms responded to Defendant Walden Security's first or second motion for sanctions asking the Court to dismiss this action based on her failure to participate in discovery. (Doc. Nos. 65, 67.) For the reasons that follow, the Magistrate Judge will recommend that Walden Security's motions for sanctions (Doc. Nos. 65, 67) be granted in part and denied in part and that this action be dismissed with prejudice.

**I.    Factual and Procedural Background**

This action arises out of Grooms's employment with Walden Security. (Doc. No. 1.) Grooms—who is a member of the Seventh-Day Adventist faith and, as such, observes the sabbath—alleges that Walden Security refused to accommodate her request not to work on the sabbath and that Human Resources Manager Toni Crocker terminated Grooms's employment because Grooms would not work on the sabbath. (*Id.*) Grooms initiated this action by filing a

complaint against Walden Security and Crocker alleging claims of religious discrimination and failure to accommodate in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (*Id.*)

The Court granted Grooms's application for leave to appear *in forma pauperis*, screened her complaint under 28 U.S.C. § 1915(e)(2)(B), dismissed her claims against Crocker for failure to state claims on which relief can be granted, but allowed her claims against Walden Security to proceed. (Doc. Nos. 4, 5.)

Walden Security appeared and filed a motion to dismiss Grooms's complaint. (Doc. No. 8.) Grooms retained counsel and filed an amended complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B).[1] (Doc. Nos. 12, 19.) In light of the amended complaint, the Court denied as moot Walden Security's motion to dismiss the original complaint. (Doc. No. 21.) Walden Security filed a motion to dismiss the amended complaint (Doc. No. 24), but Grooms responded in opposition (Doc. No. 27), and the Court denied Walden Security's motion on March 29, 2022 (Doc. Nos. 33, 34).

Grooms's counsel moved to withdraw in August 2022. (Doc. No. 51.) The Court granted the motion (Doc. No. 52), and Grooms notified the Court of her intention to proceed pro se (Doc. No. 53). The Court warned Grooms that, if she intended "to maintain her claims against Walden Security in this Court, she must be prepared to litigate them fully and to meet all deadlines set by the Court's prior case management orders . . . ." (Doc. No. 54.)

On November 3, 2022, Walden Security filed a motion to compel Grooms to respond to its first set of interrogatories and requests for production of documents. (Doc. No. 56.) The Court held

---

[1] On Grooms's motion, the Court extended the deadline for Grooms to respond to Walden Security's motion to dismiss. (Doc. Nos. 13, 15.)

2

Case 3:21-cv-00363   Document 69   Filed 04/18/23   Page 2 of 10 PageID #: 463

a telephone conference with Grooms and counsel for Walden Security, after which it ordered Grooms to respond to Walden Security's interrogatories and requstions for production of documents by December 30, 2022, and denied Walden Security's motion to compel without prejudice to refiling after Walden Security had reviewed Grooms's production. (Doc. No. 64.)

On January 3, 2023, Walden Security filed a motion for sanctions and second motion to compel. (Doc. No. 65.) Walden Security asserts that Grooms never responded to its interrogatories and requests for production of documents and that dismissal with prejudice and an award of costs are therefore warranted under Federal Rule of Civil Procedure 37. (*Id.*) In the alternative, Walden Security asks the Court for an order compelling Grooms to provide written discovery responses and to pay Walden Security's expenses related to its motions to compel. (*Id.*)

On January 23, 2023, the Court found that Grooms had not filed a timely response in opposition to Walden Security's motion and ordered Grooms to show cause by January 30, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action for Grooms's failure to comply with the Court's discovery orders. (Doc. No. 66.) The Court warned Grooms that failure to comply with the show-cause order would "likely result in a recommendation that her claims be dismissed." (*Id.* at PageID# 403.) The docket shows that Grooms did not respond to the Court's order to show cause.

On January 24, 2023, Walden Security filed a motion to dismiss and second motion for sanctions under Rules 37 and 41(b). (Doc. No. 67.) Walden Security asserts that Grooms failed to appear for her deposition on January 9, 2023, and failed to respond to its attempts to reschedule her deposition for January 18, 2023. (Doc. No. 68.) In support of this assertion, Walden Security has filed an email from Grooms to Walden Security's counsel, dated January 5, 2023, in which Grooms states that she "will not be able to attend the deposition, for it will be a burden to my

mental health" (Doc. No. 67-6, PageID# 422) and the transcript of Grooms's January 9, 2023 deposition, which shows that counsel for Walden Security appeared and waited almost fifteen minutes for Grooms to arrive (Doc. No. 67-8). Walden Security has also filed a January 6, 2023 email its counsel sent to Grooms attempting to reschedule her deposition and documenting counsel's attempts to contact Grooms by email and phone (Doc. No. 67-7); a January 11, 2023 email that its counsel sent to Grooms attaching a notice rescheduling Grooms's deposition for January 18, 2023 (Doc. No. 67-10); and two January 17, 2023 emails that Walden Security's counsel sent to Grooms attempting to secure Grooms's appearance at her rescheduled deposition (Doc. No. 67-11). Walden Security argues that, based on Grooms's failure to comply with the Court's orders and failure to participate in discovery or prosecute her claims, the Court should dismiss this action with prejudice under Rule 37 or Rule 41(b) and award Walden Security costs and attorney fees under Rule 37. (Doc. No. 68.) Grooms has not responded to Walden Security's motion.

II.     **Legal Standard**

Federal Rules of Civil Procedure 37 and 41(b) provide district courts with express power to dismiss a complaint. Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b). Rule 37 authorizes a court to dismiss a lawsuit "[i]f a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), or otherwise fails to cooperate in discovery, including failing to respond to written discovery requests and failing to appear for the party's own deposition, Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii), (d)(3). Dismissal under Rule 37 "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th

Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). Dismissal under Rule 41(b) is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 37 or 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *Universal Health Grp.*, 703 F.3d at 956 ("Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002))); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

The Sixth Circuit reviews a district court's dismissal of an action under Rule 37 or 41(b) for abuse of discretion. *See Schafer*, 529 F.3d at 736 (affording district courts "'substantial discretion" with respect to Rule 41(b) dismissals (quoting *Knoll*, 176 F.3d at 363)); *Universal Health Grp.*, 703 F.3d at 955 (reviewing district court's dismissal under Rule 37(b)(2) "for an abuse of discretion").

5

### III. Analysis

Dismissal of this action with prejudice is appropriate under Rule 37 and 41(b) because consideration of the four relevant factors shows a record of delay and contumacious conduct by Grooms.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Grooms has engaged in multiple acts that fall within this definition. The record shows that Grooms did not obey the Court's December 6, 2022 order to respond to Walden Security's interrogatories and requests for production of documents by December 30, 2022 (Doc. No. 64); unilaterally cancelled her January 9, 2023 deposition four days before it was scheduled to take place (Doc. No. 67-6); did not appear for her January 9, 2023 deposition (Doc. No. 67-8); did not respond to Walden Security's communications about rescheduling her deposition (Doc. Nos. 67-7, 67-10, 67-11); did not respond to Walden Security's motions for sanctions (Doc. Nos. 65, 67); and did not respond to the Court's January 23, 2023 order to show cause why this action should not be dismissed (Doc. No. 66).

Grooms's repeated refusals to comply with the Court's orders and to cooperate in discovery demonstrate bad faith, willfulness, or fault for purposes of Rule 37 and 41(b). *See, e.g.*, *Collins v. Waste Mgmt. of Ky. Holdings, Inc.*, Civ. No. 06-175, 2008 WL 2794661, at *4 (E.D. Ky. July 18, 2008) (finding that plaintiff's repeated disregard of court's orders demonstrated "willfulness, bad faith, and fault under the first factor [of the Rule 41(b) analysis] because Plaintiff's conduct can only be interpreted either as an intent to thwart the proceedings of this case or a reckless disregard for the effect of his conduct on the case"); *Dickey v. Chagrin Tavern LLC*, No. 1:21-CV-00733,

2022 WL 597260, at *3 (N.D. Ohio Feb. 28, 2022) (finding that pro se plaintiff's repeated refusal to participate in discovery, including failure to respond to discovery requests and to schedule a deposition, weighed in favor of Rule 37 dismissal). This factor therefore weighs in favor of dismissal.

### B.     Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the record shows that Grooms's refusal to participate in discovery forced Walden Security to waste time, money, and effort pursuing Grooms's cooperation. Walden Security

contacted Grooms to facilitate her discovery responses after her counsel withdrew (Doc. No. 56-3); filed a motion for a Court-order compelling Grooms's discovery responses (Doc. No. 56); participated in a discovery dispute conference with Grooms and the Court regarding Grooms's outstanding responses to its discovery requests (Doc. No. 64); filed a second motion to compel Grooms's discovery responses and a first motion for discovery sanctions (Doc. No. 65); prepared for Grooms's January 9, 2023 deposition, including by securing a court reporter (Doc. No. 67-9); repeatedly contacted Grooms to reschedule her deposition after she unilaterally cancelled and failed to appear for her January 9, 2023 deposition (Doc. Nos. 67-10, 67-11); and filed a second motion for discovery sanctions (Doc. No. 68). The Court therefore finds that Walden Security has been prejudiced by Grooms's conduct and that the second factor weighs in favor of dismissal. *See Carpenter*, 723 F.3d at 707; *Harmon*, 110 F.3d at 368.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the analysis under Rule 37 and 41(b). *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615); *Alley v. Vital One Health Plan*, No. 2:15-cv-00035, 2016 WL 616346, at *3 (M.D. Tenn. Feb. 16, 2016) (finding that prior notice "is a key consideration" under Rule 37). When Grooms notified the Court of her intention to proceed pro se after her counsel withdrew, the Court cautioned her that, if she "intend[ed] to maintain her claims against Walden Security in this Court, she must be prepared to litigate them fully and to meet all deadlines set by the Court's prior case management orders . . . ." (Doc. No. 54.) Later, in ordering Grooms to show cause why this action should not be dismissed for Grooms's failure to obey the Court's discovery orders, the Court warned Grooms that failure to comply with the Court's order to show cause would "likely result in a recommendation that her claims be dismissed." (Doc. No. 66.) The third factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

Walden Security requests that the Court dismiss this action with prejudice and order Grooms to reimburse the reasonable costs and attorney's fees Walden Security incurred in defending against this action. (Doc. Nos. 65, 68.) The harsh sanction of dismissal with prejudice is appropriate here. When "[p]resented with a record of sufficiently egregious conduct, . . . a district court has not abused its discretion by ordering dismissal as the first and only sanction." *Harmon*, 110 F.3d at 369; *see also Williams v. Select Specialty Hosp. Nashville, Inc.*, Civ. No. 3:08-1007, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010) (adopting report and recommendation and dismissing action "with prejudice due to the plaintiffs' willfulness and fault in failing to engage in discovery and in disregarding the Court's orders" "and the needless expenditure of resources by both the Court and the defendant caused by the plaintiffs' conduct").

Grooms has prevented this litigation from moving forward by refusing to provide responses to Walden Security's discovery requests despite ample time to respond and this Court's order that she do so. She also refused to appear for deposition, stopped responding to Walden Security's attempts to contact her regarding discovery, and ignored the Court's order to show cause why this action should not be dismissed. Grooms's willful frustration of Walden Security's attempts to defend against her claims and her disregard for the Court's orders and the progress of the litigation demonstrate that dismissal with prejudice is appropriate.

The additional sanction of awarding defendants their costs and attorney's fees is not warranted. Dismissal of this action with prejudice under Rules 37 and 41(b) is sufficient to address Grooms's dilatory conduct. Although the Federal Rules of Civil Procedure require that a party who is sanctioned for failure to obey a discovery or other pretrial order pay the reasonable expenses, including attorney's fees, caused by that failure, the rules create an exception if the failure "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ.

9

P. 16(f)(2), 37(b)(2)(C), (d)(3). Because Grooms proceeds *in forma pauperis* based on her demonstrated lack of financial resources (Doc. Nos. 2, 5), the Court finds that a further financial sanction would be unjust and likely futile. *See, e.g.*, *Gonzalez v. Jones*, No. 2:15-cv-2448, 2021 WL 307564, at *7 (E.D. Cal. Jan. 29, 2021) (finding that "award of attorney's fees and monetary sanctions" against pro se and *in forma pauperis* plaintiff "would be manifestly unjust—not to mention uncollectable"), *report and recommendation adopted by* 2021 WL 1060234 (E.D. Cal. Mar. 18, 2021); *Sullivan v. Martin Sprocket & Gear, Inc.*, No. 1:08-CV-02324, 2009 WL 10670644, at *2 (N.D. Ga. Apr. 3, 2009) (finding that award of costs and attorney's fees against pro se and *in forma pauperis* plaintiff would be unjust).

IV.       Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that Walden Security's motions for sanctions (Doc. Nos. 65, 67) be GRANTED IN PART and DENIED IN PART and that this action be DISMISSED WITH PREJUDICE under Rule 37 and 41(b).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of April, 2023.

*[signature]*

ALISTAIR E. NEWBERN
United States Magistrate Judge